UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 17 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

| | |
|---|---|
| CHARLES J. RATHBURN, JR. | ) |
| | ) |
| Plaintiff, | ) Case No. |
| vs. | ) **1 10-CV-1862** |
| | ) |
| HEAD THOMAS WEBB & WILLIS, | ) |
| LLC and WILLIAM C. HEAD | ) **WSD** |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Charles J. Rathburn, Jr. brings this action under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201, et seq.], hereinafter "the Act," against Head Thomas Webb & Willis, LLC and William C. Head to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

## PARTIES

1.

Plaintiff, Charles J. Rathburn, Jr. was at all times material an employee of Defendants Head Thomas Webb & Willis, LLC and William C. Head in the State of Georgia.

2.

Defendant, Head Thomas Webb & Willis, LLC, at all times relevant to this action has been duly organized and existing under the laws of the State of Georgia as a limited liability company, having a place of business and doing business at

750 Hammond Drive, Building #5, Atlanta, Georgia, where it has been engaged in the operation of a law firm.

3.

At all times relevant to this action, Head Thomas Webb & Willis, LLC was an employer of Plaintiff, an employee, as defined by Sections 203(a), (e) and (g) of the Act [29 U.S.C. 203(a), (e) and (g)].

4.

Defendant, William C. Head, doing business at 750 Hammond Drive, Building #5, Atlanta, GA, at all times relevant to this action acted directly or indirectly in the interest of Head Thomas Webb & Willis, LLC in relation to its employees, including the Plaintiff. Mr. Head set Plaintiff's rate of pay, required Plaintiff to regularly work more than 40 hours in workweek and determined that Plaintiff was not to be paid overtime compensation in accordance with the Act. Therefore, he has been an employer with the meaning of Section 3(d) of the Act [29 U.S.C. 203(d)].

5.

At all times relevant to this action, Defendants, having engaged in related activities performed through unified operation or common control for a common business purpose, have constituted an enterprise within the meaning of Section 3(r) of the Act [29 U.S.C. 203(r)].

6.

At all times relevant to this action, Defendants employed employees, including Plaintiff, in and about their place of business in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of Sections 3(b), (g), (i) and (j) of the Act [29 U.S.C. 203 (b), (g), (i) and (j)]. Defendants' employees, including Plaintiff, regularly used the instrumentalities of interstate commence in their work, such as regular and

recurrent use of interstate telephone calls, facsimiles, mail and delivery services, and internet. Plaintiff also performed work for Defendants outside the State of Georgia.

7.

At all times relevant to this action, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8.

By reason of the foregoing, Defendants have been, at all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and (s) of the Act [29 U.S.C. 203(r) and (s)].

## JURISDICTION AND VENUE

9.

Jurisdiction of this action is conferred upon this Court by Section 16(b) of the Act [29 U.S.C. 216(b)] and 28 U.S.C. Section 1337.

10.

Venue is proper in this Court because the unlawful employment practices complained of herein occurred in this judicial district and Defendants have a place of business within this judicial district. 28 U.S.C. § 1391.

## NATURE OF ACTION

11.

This is a Fair Labor Standards Act case for Defendants' willful violations of the overtime compensation provisions of the Act in which Plaintiff seeks to recover unpaid overtime compensation, an additional equal amount as liquidated

3

damages and reasonable attorneys' fees and costs. [29 U.S.C. 207, 216 and 255(a)].

## FACTS

12.

During the period from January 28, 2008 to February 28, 2010 Defendants employed Plaintiff as a legal assistant. Throughout his employment Plaintiff was paid on an hourly basis of $20.00.

13.

Plaintiff regularly worked more than 40 hours in each workweek in which he was employed by Defendants. Defendants knew and required that Plaintiff regularly work more than 40 hours per workweek.

14.

Defendants paid Plaintiff for each hour over 40 that Plaintiff worked in a workweek at his regular hourly rate of $20.00 only. Defendants repeatedly violated Section 7 of the Act [29 U.S.C. 207] by failing to compensate Plaintiff at a rate of at least one and one-half times the regular rate at which he was employed for every hour over 40 in a workweek. Defendants owe Plaintiff an additional $10.00 for every overtime hour he worked during his employment.

15.

Defendants, a law firm and practicing attorney, knew or showed reckless disregard for whether their failure to pay Plaintiff, an hourly paid employee, overtime compensation was prohibited by the Act. Defendants' violations of the Act were willful and subject to the three year statute of limitations. 29 U.S.C. §255(a).

16.

Plaintiff was required by Defendants and did submit to Defendants records of the number of hours he worked throughout his employment.

17.

Defendants have at all times pertinent hereto been required by Section 11 of the Act [29 U.S.C. 211] and the regulations at 29 C.F.R. Part 516 to keep the following complete and accurate records with respect to Plaintiff: the hour and day the workweek begins; total hours worked each workday and each workweek; total weekly straight-time earnings; total overtime compensation; date of payment and pay period covered.

18.

All records concerning the number of hours worked by Plaintiff and the compensation he received in workweeks in which he worked overtime hours are in the exclusive possession and under the sole custody and control of the Defendants, and Plaintiff is unable to state at this time the exact amount owing to him. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be promptly taken in this case, and Plaintiff will then amend the pleadings herein to set forth the amount due him.

19.

Plaintiff estimates that he worked a total of 3,850.5 overtime hours for which he was not properly compensated. Plaintiff is owed an additional $10 overtime compensation premium for each hour he worked in excess of 40 in a workweek.

## **VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

20.

Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 19 above, as if set forth fully.

21.

Defendants repeatedly and willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than 40 hours and failed and refused to

compensate him for his employment in excess of 40 hours per workweek at a rate of at least one and one-half times the regular rate at which he was employed, in violation of the requirements of Section 7(a) of the Act [29 U.S.C. 207(a) and 255(a)].

22.

Defendants are liable to Plaintiff for all unpaid overtime compensation for which he should have been paid throughout his employment in the amount of about $38,505.00. Defendants further owe Plaintiff an additional equal amount of about $38,505.00 as liquidated damages. Plaintiff is also entitled from Defendants his reasonable attorneys' fees and costs of this action. 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants for the following relief:

1. An award in the amount of unpaid overtime compensation due Plaintiff to be determined at trial;

2. An award of liquidated damages in an amount equal to the unpaid overtime compensation award;

3. An award of reasonable attorneys' fees and the costs of this action; and

4. Such other and further relief as this Court deems just and proper.

This _____ day of June 2010.

_/s/ Jason R. Doss_
JASON R. DOSS
Georgia Bar Number 227117
THE DOSS FIRM, LLC
P.O. Box 965669
Marietta, Georgia 30066
Telephone: (770) 578-1314
Facsimile: (770) 578-1302
Email: jasondoss@dossfirm.com

and

PATRICIA J. CRAFT
Georgia Bar Number 192825
STRICKLAND BROCKINGTON LEWIS LLP
Midtown Proscenium, Suite 2200
1170 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (678) 347-2208
Facsimile: (678) 327-2210
Email:     pjc@sbllaw.net


ATTORNEYS FOR PLAINTIFF
CHARLES J. RATHBURN

## CONSENT BY PLAINTIFF

I, Charles J. Rathburn, hereby consent to being named as a party Plaintiff to this Action.

_____
Charles J. Rathburn