## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Head, Thomas, Webb & Willis, LLC., its officers, employees, agents, directors, representatives, successors, assigns, and shareholders, William C. Head, his employees, agents, representatives, successors and assigns, and Headlines Marketing Corporation, its officers, employees, agents, directors, representatives, successors, assigns, (collectively, "Defendants") and Charles J. Rathburn Jr., ("Plaintiff") from the case captioned *Rathburn v. Head, Thomas, Webb & Willis, LLC.*, Case No. 1:10-CV-1862, filed in the United States District Court for the Northern District of Georgia (the "Litigation").

This Agreement is made as a compromise between the Plaintiff and Defendants (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by the Plaintiff in the Litigation.

### RECITALS

WHEREAS, on June 17, 2010 pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), Charles J. Rathburn Jr. filed a Complaint against Defendants in the Litigation.

WHEREAS, Defendant filed an Answer denying material allegations of Plaintiff's Complaint.

WHEREAS, on Tuesday, September 28, 2010, the Parties arrived at an agreement to settle all claims in the Litigation.

WHEREAS, Defendant denies, and continues to deny, allegations in the Litigation and certain liability and damages of any kind to anyone with respect to the alleged facts or causes of actions asserted in the Litigation; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continuing the litigation, the Parties have agreed to settle the Litigation on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation is uncertain and achieving a final result through litigation requires additional risk, discovery, time and expense.

WHEREAS, in order to determine how best to serve the interests of the Plaintiff, counsel have investigated and evaluated the facts and law relating to the claims asserted in the Litigation; after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Plaintiff and his counsel believe the settlement as provided in this Agreement is in the best interests of the Plaintiff and represents a fair, reasonable, and adequate resolution of the Litigation.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.  Consideration:** In order to resolve the Plaintiff's FLSA claims, Defendants agrees to pay to the Plaintiff a lump sum settlement payment of $70,000.00 (seventy thousand dollars) (collectively the "Settlement Payment") as identified below:

**B.  Settlement Payment and Taxes:**

1.  One-half of the settlement amount to Plaintiff shall be allocated to settlement of Plaintiff's claim for alleged unpaid overtime wages, which shall be paid, less all applicable taxes and other required or authorized wage withholdings and employer tax payments (the "W-2 payment."). The remaining amount to Plaintiff shall be allocated to resolve Plaintiff's claims for liquidated damages and attorneys fees and shall be paid without any deduction for any taxes or other withholdings (the "1099 payment."). Defendants agree to designate the 1099 payment on the anticipated Form 1099 as "other" income and not "non-employee wages or income".

2.  Within 10 days of executing this Agreement, Defendants shall file with the Court all appropriate documents necessary to obtain a final order approving the terms and conditions of this Agreement.

3.  Checks to Plaintiff and Plaintiff's Counsel for the Settlement Payment will be delivered to Plaintiff's Counsel's offices within 10 days of the Court's final Order approving the terms and conditions of this Agreement.

**C.  Court Approval and Confidentiality:** The parties will submit to the Court a joint motion for entry of stipulated judgment approving the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement.

Plaintiff agrees that he will keep the terms, amount and fact of this Agreement confidential and that he will not hereafter disclose any information concerning this Agreement to anyone; provided, however, that he may make such disclosure to his immediate family, and his professional representatives (e.g. attorneys, accountants, auditors, tax preparers). It shall not be a violation of this section or any other section in this Agreement for Plaintiff to disclose matters that are or were made part of the public record in this litigation, defined as all documents identified or list on the publicly available docket for the Litigation.

**D.  Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, and except as it relates to a charge, claim or action based upon rights or claims that may arise under the

Age Discrimination in Employment Act after the date of the signature below, Plaintiff hereby **RELEASES, REMISES AND FOREVER DISCHARGES** Defendants, its former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him which he may now have against them, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, and especially from any and all claims, demands, or causes of action arising out of the Litigation, and all claims, demands or causes of action arising out of, either directly or indirectly, his employment and separation from employment with Defendant, including, but not limited to, claims under the Fair Labor Standards Act, Civil Rights act of 1964, as amended; 42 U.S.C. §1981; the Americans with Disabilities Act; the Employee Retirement Incomes Security Act of 1974; and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise of the United States or the State of Georgia. Defendant, its directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE AND FOREBER DISCHARGE** Plaintiff from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or cause of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against him, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, and especially form any and all claims, demands, or causes of action arising out of the Litigation, and all claims, demands or causes of action arising out of, either directly or indirectly, Plaintiff's employment and separation from employment with defendant, and especially from any and all claims, demands, or causes of action which were raised or could have been raised in the Litigation. Nothing herein shall release, waive or impact Plaintiff's right to continue to receive COBRA benefits.

**E.     No Admission of Liability:** The parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by the Defendants. The Defendants deny liability, responsibility, or wrongdoing as alleged in the Litigation.

**F.     Dismissal:** Within ten business days after Plaintiff's counsel received full payment pursuant to ¶ B(3) above, the Parties will take the steps necessary to dismiss the Litigation with prejudice.

**G.     Severability of Provisions:** The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

**H.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their

choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

I.  **Continuing Jurisdiction:** Noting in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

J.  **Dispute Resolution:** The Parties intend for any disputes regarding this Agreement to be heard only by the Court.

K.  **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia whether any party is, or may hereafter be, a resident of another state.

L.  **Extension of Time:** The Parties may, subject to Court approval, agree upon a reasonable extension of time for deadlines and dates reflected in the Agreement, without further notice.

M.  **Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

N.  **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

O.  **No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

P.  **References and Anti-Retaliation:** Defendants are aware of the anti-retaliation provisions of the Fair Labor Standards Act and agree to respond to any reference checks regarding Plaintiff's former employment with the company by providing only Plaintiff's dates of service, job title, and separation date.

Q.  **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

R.  **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

S.  **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

T.  **Facsimile Signatures:** Execution by facsimile shall be deemed effective as if executed in original.

U.  **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of Defendant, warrants and represents that such person has the authority to do so.

V.  **Non-Disparagement:** The parties agree and promise that they will not undertake any harassing or disparaging conduct directed at each other, and will refrain from making any negative, de-tracting, derogatory, or unfavorable statements about each other

HEAD, THOMAS, WEBB & WILLIS, LLC

_____
FOR THE FIRM
Date: 11-4-10

HEADLINES MARKETING CORPORATION

By: _____  President
Date: 11-4-10

_____        _____
Charles J. Rathburn Jr.                William C. Head
Date: 11-5-10                          Date: 11-4-10

REVIEWED AND APPROVED BY COUNSEL:

_____        _____
Jason Doss Counsel for the Plaintiff   David S. Fried, Counsel for Defendants
Date: 11/8/10                          Date: