IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES J. RATHBURN, JR.,

    Plaintiff,

v.                                             1:10-cv-1862-WSD

HEAD THOMAS WEBB WILLIS
LLC and WILLIAM C. HEAD,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Stipulated Judgment Approving Settlement Agreement and Release [9] and Defendants' Motion to Deposit Settlement Funds into Court [10]. Plaintiff does not oppose Defendants depositing the funds due under the settlement agreement into the registry of the Court except for the portion of the proceeds that are subject to Plaintiff's counsel's attorney's lien.

**I.**     **BACKGROUND**

On June 17, 2010, Plaintiff Charles J. Rathburn filed the Complaint [1] in this action alleging that Head Thomas Webb & Willis, LLC, an Atlanta law firm, and William C. Head (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff worked as a legal assistant for

Defendants from January 28, 2008, to February 28, 2010, at a rate of $20 per hour. During his employment with Defendants, Plaintiff alleges that he often worked more than 40 hours a week, but that instead of paying Plaintiff at least one and one-half times his regular wage for these "overtime" hours as required by 29 U.S.C. § 207, Defendants only paid his regular wage of $20 an hour. Plaintiff alleges that during his employment with Defendants he worked 3,805.5 overtime hours for which he was undercompensated by $10 per hour. Plaintiff's lawsuit sought an award of the amount of underpaid overtime wages, liquidated damages equal to the amount he was underpaid, and attorneys' fees and costs. On September 8, 2010, Defendants filed an Answer to the Complaint denying liability.

On September 28, 2010, the parties agreed without admitting liability to settle all claims asserted by Plaintiff. The parties entered into a written settlement agreement and release ("Agreement") memorializing the settlement.

**II.   DISCUSSION**

   A.   <u>Joint Motion For Stipulated Judgment Approving Settlement Agreement And Release</u>

The parties first ask the Court to approve the Agreement. The FLSA requires the Court to review and approve settlement agreements that waive or release alleged violations of the FLSA. <u>See</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court "may enter a stipulated

judgment after scrutinizing the settlement for fairness," and finding that the settlement "is a fair and reasonable resulution [sic] of a bona fide dispute over FLSA provisions."  Id. at 1353, 1355.

Because courts must also scrutinize settlements of class actions to determine if they are fair, adequate, and reasonable, see Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984), some courts look to the factors used to approve class action settlements when analyzing FLSA settlements.  See, e.g., Garcia v. Riccy's Landscaping Servs., Inc., No. 6:08-cv-706, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009).  The Court thus considers the following factors:

>   (1) the existence of collusion behind the settlement;
>   (2) the complexity, expense, and likely duration of the litigation;
>   (3) the stage of the proceedings and the amount of discovery completed;
>   (4) the probability of plaintiff's success on the merits;
>   (5) the range of possible recovery; and
>   (6) the opinions of counsel.

Id.

The Court has considered the parties' representations about the Agreement and the settlement negotiations leading up to it, and concludes that the Agreement is fair and reasonable.  Plaintiff will receive full back pay for all of the overtime hours he alleges he worked; he has compromised on his claim that he is entitled to

liquidated damages equal to the amount of back pay he is owed.[1]  The Court finds that the portion of the settlement that Plaintiff will receive is fair and substantial in relation to the maximum amount of liability claimed by Plaintiff, accounting for the risk, expense, and delay Plaintiff would incur by fully litigating the case.

The parties described their settlement negotiations and there is no indication of collusion.  Defendants conceded Plaintiff was not exempt from FLSA's overtime provisions, and both parties instead presented analyses of the maximum and minimum possible damage awards.  In response to their competing analyses the parties were able to agree to settle the case.

Plaintiff's agreement to settle before engaging in discovery is reasonable in light of Defendants' concession that Plaintiff was owed overtime wages and Defendants' agreement to award full back pay for all the overtime hours Plaintiff claims he worked.  If Plaintiff had not settled, he would have incurred the additional expenses associated with discovery with no guarantee of obtaining additional liquidated damages and the risk of ultimately receiving a smaller award. It was reasonable and prudent for Plaintiff to avoid this additional expense and risk.

---

[1]  In addition to the back pay and the liquidated damages, the Agreement provides funds to pay attorneys' fees that total 33 1/3 % of the total settlement amount.  The Court does not take into account the amount attributable to attorneys' fees in assessing whether the Agreement is fair and reasonable for Plaintiff.

The settlement amount is reasonable considering Plaintiff's probability of success on the merits.  The disputes in the case concerned the actual amount of overtime Plaintiff had worked and Plaintiff's entitlement to liquidated damages.  Plaintiff received a full award of back pay for all of the overtime hours he alleges he worked, and the amount of liquidated damages in the Agreement reflects a fair compromise of the parties' dispute over Plaintiff's entitlement to such an award.  Based on these factors, counsel for the parties advised that the settlement is fair, and the Court agrees with that assessment.

The Agreement also contains an award of attorneys' fees and costs.  Attorneys' fees awards are mandatory for prevailing plaintiffs under FLSA.  Kreager v. Solomon & Planagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citing 29 U.S.C. § 216(b)).  Defendants agreed to the award of attorneys' fees in the Agreement and the parties argue in their joint motion that the award is reasonable.  See Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1146-47 (M.D. Fla. 2005) (noting greater flexibility in determination of reasonableness of attorneys' fees award under FLSA where action is an individual action and the defendant agrees to the award).  The Court finds that the award of attorneys' fees in this case is reasonable.

The Court thus grants the parties' Joint Motion for Stipulated Judgment Approving Settlement Agreement and Release and the Agreement is hereby entered and accepted as the stipulated judgment in this action.

B.      Defendants' Motion To Deposit Settlement Funds Into Court

Defendants' move the Court for an order allowing them to deposit the settlement funds into the registry of the Court.  The parties have resolved all of the issues in this case, but the funds due under the Agreement are now the subject of an IRS lien that was filed in this Court.  Defendants seek to deposit the funds due under the Agreement into the registry of the Court pursuant to Federal Rule of Civil Procedure 67(a).  Plaintiff opposes the motion to the extent that Defendants seek to deposit funds that are subject to an attorney's lien held by Plaintiff's counsel.

26 U.S.C. § 6323(b)(8) provides that an IRS lien is not valid with respect to an "amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement."  For Plaintiff's counsel to have an attorney's lien on the settlement funds that is superior to the IRS lien, counsel must establish the following: (1) the fund was created out of a judgment or settlement of

a claim; (2) local law would recognize the existence of the attorney's lien; and (3) the amount of the lien reflects the extent to which the attorney's efforts reasonably contributed to the award.  Reed & Steven v. HIP Health Plan of Fla., Inc., 81 F. Supp. 2d 1335, 1338-39 (S.D. Fla. 1999).

As to the first prong, there can be no dispute that the settlement funds in this case were created out of the Agreement to settle this cause of action.  As to the second prong, Plaintiff had a contract with Plaintiff's counsel that created a binding and valid contingent fee agreement.  Plaintiff's counsel is owed $23,333.33 in attorneys' fees and $418.53 in expenses pursuant to this contract. Under Georgia law, Plaintiff's counsel therefore has a legally recognizable attorney's lien on the settlement proceeds in the amount of its reasonable attorneys' fees.  Ga. Code Ann. § 15-19-14(b); see also Metropolitan Life Ins. Co. v. Price, 878 F. Supp. 219, 220 (N.D. Ga. 1993).

As for the final prong, the Court finds that the amount of the attorneys' lien reasonably reflects the extent to which Plaintiff's counsel's efforts contributed to the award.  Plaintiff's counsel represents that it spent 91.1 hours on this case. Much of that time represents relatively minor quantities of time each month leading up to the September 2010 settlement negotiations that produced the Agreement.  Plaintiff's counsel expended 44.9 hours on the case in September

2010.  This effort is supported by their assertions, in the Joint Motion for Stipulating Judgment Approving Agreement and Release, that both sides presented and discussed competing analyses of probable case outcomes before reaching the Agreement.  Based on the total award of attorneys' fees and the hours worked, Plaintiff's counsel's hourly rate is $256 per hour.  This rate is within the range of reasonableness in the Atlanta legal community.  Cf. Kinnard v. Kelly, No. 1:08-cv-01824, 2010 WL 761230, at *5 (N.D. Ga. Mar. 2, 2010) (finding $250 per hour to be a reasonable rate for the Atlanta legal community based on the simplicity of the case and the lawyer's 20 years of experience); ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate" (internal quotation marks omitted)).  The Court therefore concludes that Plaintiff's counsel's attorney's lien in the amount of $23,751.86 is superior to the IRS lien dated November 17, 2010.

      Defendants have agreed to pay the settlement amount under the Agreement to Plaintiff, and no longer claim entitlement to those funds.  Defendants face conflicting claims to the funds from Plaintiff and the IRS, and seek to deposit the funds into the registry of the Court so that they may meet their obligations to both parties.  The Court grants Defendants' motion to deposit the settlement funds into

the registry of the Court, except as to the funds for which Plaintiff's counsel has an attorney's lien that is superior to the IRS lien. Defendant therefore has leave to deposit $46,248.14 into the registry of the Court.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Joint Motion for Stipulated Judgment Approving Settlement Agreement and Release is **GRANTED**, the settlement of the parties is **APPROVED**, and the settlement is hereby entered and accepted as the stipulated **JUDGMENT** in this action. Fees and costs shall be awarded consistent with the terms of the Settlement Agreement and Release.

**IT IS FURTHER ORDERED** that Defendants' Motion to Deposit Settlement Funds into Court is **GRANTED IN PART** with the exception of the $23,751.86 due under the settlement agreement that is subject to Plaintiff's counsel's attorney's lien. Defendants have leave to deposit $46,248.14 of the settlement funds into the registry of the Court.

**SO ORDERED** this 17th day of February, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE